An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

THOMAS P. MORIARTY, EXECUTOR
OF THE ESTATE OF JOHN J.
MORIARTY, DECEASED,
Appellant,
vs.
BRIDGET MORIARTY; AND KURT
ROMMELFANGER,
Respondents.

No. 59607

**FILED**

FEB 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in an action involving causes of action for breach of contract and conversion. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

The district court granted summary judgment on the basis that appellant's complaint sought recovery based on issues that were already raised and still being addressed in a related probate matter.[1] Appellant challenges the summary judgment, arguing that he properly sought relief in a separate action from the probate proceedings.

Having reviewed appellant's brief and appendices on appeal, we affirm the district court's summary judgment. While appellant correctly points out that he is permitted to file an action outside of probate, NRS 143.060; NRS 143.070, all of the issues raised by appellant in this action had already been raised in the probate matter and it was therefore the proper proceeding for initially resolving these issues. NRS 143.110; NRS 143.120; Bergeron v. Loeb, 100 Nev. 54, 58, 675 P.2d 397, 400 (1984) (holding that probate matters are "in the nature of an 'in rem'

---

[1]The district court also stated in its order that to the extent any issues had already been fully litigated in the probate matter, appellant's claims were barred under issue preclusion. Appellant also challenges this ruling. Based on our resolution of this appeal, however, we need not consider this issue.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04983

proceeding" and, as a result, "the court acquires jurisdiction over the estate and all persons for the purpose of determining their rights to any portion of the estate"). Therefore, the district court did not err in ruling that resolution of these issues should continue in the probate matter and not in this separate action. Bergeron, 100 Nev. at 58, 675 P.2d at 400; cf. Smith v. Hutchins, 93 Nev. 431, 432, 566 P.2d 1136, 1137 (1977) (holding that a party is prohibited from splitting causes of action and maintaining separate actions on the same claims); Fitzharris v. Phillips, 74 Nev. 371, 376-77, 333 P.2d 721, 724 (1958) (same), disapproved on other grounds by Lee v. GNLV Corp., 116 Nev. 424, 996 P.2d 416 (2000).

Appellant also argues on appeal that if his claims should proceed in the probate case, then the district court should have consolidated this case with the probate case instead of granting summary judgment and dismissing this case. Appellant failed to raise this argument in his opposition to the motion for summary judgment, and therefore, we decline to consider it for the first time on appeal. See In re AMERCO Derivative Litigation, 127 Nev. ___, ___ n.6, 252 P.3d 681, 697 n.6 (2011).

Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.        _____, J.
Parraguirre                        Cherry

---

[2]We have considered appellant's remaining arguments on appeal and conclude that they lack merit.

cc:    Hon. Ronald J. Israel, District Judge
        Anthony A. Zmaila Limited PLLC
        Bridget Moriarty
        Kurt Rommelfanger
        Eighth District Court Clerk